IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Dayami Hernandez-Velasco, | ) | |
| | ) | C.A. No.:  3:26-cv-3259-SAC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Complaint |
| | ) | Jury Trial Demanded |
| Concrete Supply Co., LLC, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant, would show unto the Court:

1.      The Plaintiff is a citizen and resident of the County of Lexington, State of South Carolina.

2.      The Defendant, Concrete Supply Co, LLC., hereinafter referred to as "Concrete Supply", is a limited liability company organized and existing under the laws of the State of North Carolina, and at all times mentioned herein, doing business in Lexington County, South Carolina.

3.      The Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and the Defendant is subject to personal jurisdiction in this District.

<u>FOR A FIRST CAUSE OF ACTION</u>

<u>Negligence</u>

4.  The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

5.      At all times pertinent hereto, Defendant Concrete Supply driver was acting within the scope of his role as a driver, agent, servant, and/or employee of Defendant Concrete Supply.

6.      Defendant Concrete Supply is responsible and liable for its driver's negligent acts and omissions on the principles of vicarious liability, *respondeat superior*, and/or agency.

7.      As a direct result of the collision by and between Plaintiff's vehicle and the Concrete Supply truck, Plaintiff suffered medical expenses, serious bodily injury, physical and mental pain and suffering, mental anguish, and will continue to do so in the future, and further has suffered physical disability and a loss of enjoyment of life.

8.      The collision and Plaintiff's damages and injuries, were the direct and proximate result of willful, wanton, reckless, grossly negligent, negligent, and careless acts of the Defendant in the following particulars:

(a)      In failing to keep a proper lookout;

(b)      In failing by its driver to keep its vehicle under control;

(c)      In traveling too fast for the conditions here and there existing;

(d)      In following too closely;

(e)      In failing by its driver to follow the training received for his commercial driver's license (CDL);

(f)      In failing to properly train its driver;

(g)      In failing to qualify its driver pursuant to the provisions of the FMCA;

(h)     In failing to supervise and monitor its

driver;

(i)     In failing to adhere to all applicable traffic safety laws;

(j)     In failing to adhere to all applicable Federal Motor Carrier Safety

Regulations;

(k)     In failing to adhere to all applicable trucking industry standards;

(l)     In failing to operate the truck in accordance with the generally

accepted safety principles for commercial truck drivers and/or the

commercial motor vehicle industry;

(m)     In failing to use the degree of care and caution that would otherwise

be used by a reasonably prudent person with a CDL;

all of which were a direct and proximate causes of the injuries and damages complained of herein.

FOR A SECOND CAUSE OF ACTION

Negligence *per se*

9.     The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

10.     The collision and Plaintiff's damages and injuries were a direct and proximate result of Defendant's negligence *per se* in the following particulars:

(a)     In not controlling speed to avoid hitting another vehicle in violation of SC Code 56-5-1520(a) which constitutes negligence per se.

(b)     In following another vehicle more closely than is reasonable and prudent in violation of SC Code 56-5-1930 which constitutes negligence per se.

(c)     In falling to render aid in violation of SC Code 56-5-1230 which constitutes negligence per se.

(d)     In leaving the scene of the accident in violation of SC Code 56-5-1210 which constitutes negligence per se.

11.     At all times pertinent hereto, Defendant's driver was acting within the scope of his role as a driver, agent, servant, and/or employee of Defendant Concrete Supply.

12.     Defendant Concrete Supply is responsible and liable for its driver's negligent acts and omissions on the principles of vicarious liability, *respondeat superior*, and/or agency.

13.     As a direct result of the collision by and between Plaintiff's vehicle and the Concrete Supply truck, Plaintiff suffered medical expenses, serious bodily injury, physical and mental pain and suffering, mental anguish, and will continue to do so in the future, and further has suffered physical disability and a loss of enjoyment of life.

14.     As a result of the acts and omissions of Defendant Concrete Supply, Plaintiff is informed that she is entitled to actual damages, plus such punitive damages as the Court may award, and for such other and further relief as to the Court may seem just and proper.

FOR A THIRD CAUSE OF ACTION

Negligence *per se* for violation of

Federal Motor Carrier Safety Regulations

15.     The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

16.     The collision and Plaintiff's damages and injuries were a direct and proximate result of Defendant Concrete Supply negligence *per se.*  At all times relevant hereto,

Defendant Concrete Supply was subject to the minimum standards established by the Federal Motor Carrier Safety Regulations, 49 C.F.R. pts. 300-399.

17. Defendant Concrete Supply negligence and negligence *per se* in failing to comply with regulations set forth above directly and proximately caused the collision with Plaintiff's vehicle.

18. At all times pertinent hereto, Defendant Concrete Supply driver was acting within the scope of his role as a driver, agent, servant, and/or employee of Defendant Concrete Supply.

19. Defendant Concrete Supply is responsible and liable for its driver's negligent acts and omissions on the principles of vicarious liability, *respondeat superior*, and/or agency.

20. As a direct result of the collision by and between Plaintiff's vehicle and the Concrete Supply truck, Plaintiff suffered medical expenses, serious bodily injury, physical and mental pain and suffering, mental anguish, and will continue to do so in the future, and further has suffered physical disability and a loss of enjoyment of life.

21. As a result of the acts and omissions of Defendant Concrete Supply, Plaintiff is informed that she is entitled to actual damages, plus such punitive damages as the Court may award, and for such other and further relief as to the Court may seem just and proper.

FOR A FOURTH CAUSE OF ACTION

Negligent Hiring and Retention

22. The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

23.     Defendant Concrete Supply owed a duty not to hire or retain drivers it knew or should have known posed a risk of harm to others.

24.     Defendant Concrete Supply breached that duty when it negligently hired, contracted with, and/or retained its driver and failed to exercise ordinary care to determine his fitness for the task of driving a commercial motor vehicle interstate.

25.     At all times pertinent hereto, Defendant Concrete Supply driver was acting within the scope of his role as a driver, agent, servant, and/or employee of Defendant Concrete Supply.

26.     Defendant Concrete Supply is responsible and liable for its driver's negligent acts and omissions on the principles of vicarious liability, *respondeat superior*, and/or agency.

27.     As a direct result of the collision by and between Plaintiff's vehicle and the Concrete Supply truck, Plaintiff suffered medical expenses, serious bodily injury, physical and mental pain and suffering, mental anguish, and will continue to do so in the future, and further has suffered physical disability and a loss of enjoyment of life.

28.     As a result of the acts and omissions of the Defendant Concrete Supply, Plaintiff is informed and believes that she is entitled to actual damages, plus such punitive damages as the Court may award, and for such other and further relief as to the Court may seem just and proper.

<u>FOR A FIFTH CAUSE OF ACTION</u>

<u>Negligent Training and Supervision</u>

29.     The allegations set forth in the preceding paragraphs are hereby incorporated by reference as if fully set forth and re-alleged herein.

30.    Defendant Concrete Supply owed a duty to train and/or supervise its drivers in safely and prudently operating a commercial motor vehicle in compliance with federal and local laws and regulations.

31.    Defendant Concrete Supply breached this duty when it negligently failed to exercise ordinary care to properly train and/or supervise its driver and to ensure his fitness for the task of driving a commercial motor vehicle interstate.

32.    At all times pertinent hereto, Defendant Concrete Supply driver was acting within the scope of his role as a driver, agent, servant, and/or employee of Defendant Concrete Supply.

33.    Defendant Concrete Supply is responsible and liable for its driver's negligent acts and omissions on the principles of vicarious liability, *respondeat superior*, and/or agency.

34.    As a direct result of the collision by and between Plaintiff's vehicle and the Concrete Supply truck, Plaintiff  suffered medical expenses, serious bodily injury, physical and mental pain and suffering, mental anguish, and will continue to do so in the future, and further has suffered physical disability and a loss of enjoyment of life.

35.    As a result of the acts and omissions of the Defendant Concrete Supply, Plaintiff is informed that she is entitled to actual damages, plus such punitive damages as the Court may award, and for such other and further relief as to the Court may seem just and proper.

WHEREFORE, Plaintiff prays for actual damages, plus such punitive damages as may be awarded, for the costs of this action, and such other and further relief as to the Court seems just and proper.

KNIE BEATTY & HOLLOWAY LLC


s/Patrick E. Knie
Patrick E. Knie
pat@kniebeatty.com
Fed. I.D. No. 02370
Justin W. Holloway
justin@kniebeatty.com
Fed. I.D. No. 11684
P.O. Box 5159
250 Magnolia Street
Spartanburg, S.C.  29304
Telephone No. (864) 582-5118
Telefax No.   (864) 585-1615

Julian Cabra Law Firm, LLC (FED 13234)
E-mail: Julian@cabralaw.com
Julian Cabra Law Firm, LLC
P.O. Box 25999
Greenville, S.C. 293616
Telephone: (864) 640-8535
Fax: (864) 549-3050

ATTORNEYS FOR PLAINTIFF

August 5, 2026